## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICH AUREL, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GJH-21-3258 |
| ALL OFFICER'S, *et al.*, | * | |
| Defendants. | * | |
| | ********* | |

| | | |
|---|---|---|
| MICH AUREL, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GJH-22-0458 |
| CORIZON PROVIDES HEALTHCARE, *et al.*, | * | |
| | * | |
| Defendants. | ********* | |

| | | |
|---|---|---|
| MICH AUREL, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GJH-22-0561 |
| UNITED STATES OF AMERICA, *et al.*, | * | |
| Defendants. | * | |
| | ********* | |

## <u>MEMORANDUM OPINION</u>

Plaintiff Mich Aurel, a self-represented prisoner, incarcerated at North Branch Correctional Institution ("NBCI"), filed three civil rights complaints docketed as Civil Action Nos. GJH-21-3258, ECF No. 1; GJH-22-0458, ECF No. 1; and GJH-22-0561, ECF No. 1. As discussed below,

the three cases will be consolidated, and Aurel will be directed to file one amended complaint in the consolidated case for review by the Court.

**Aurel v. All Officer's, *et al.*, GJH-21-3258**

Aurel's complaint was received by the court on December 21, 2021.  ECF No. 1.  Aurel names over 60 defendants.  He provides generalized allegations for the time period March 15, 2021 through December 2021.  He states that when he was housed at Western Correctional Institution ("WCI"), he was subject to sexual abuse, retaliation, threats, and excessive force.  Since he was transferred to NBCI, he has been denied medication, access to the commissary, and has been threatened.   He seeks damages and a transfer out of the State of Maryland.  *Id.* at 7.

**Aurel v. Corizon Provides Healthcare, *et al.*, GJH-22-0458**

Aurel's complaint was received by the court on February 23, 2022.  ECF No. 1.  Aurel names eight defendants.  He generally alleges that he has been denied adequate medical care while housed in the custody of the Maryland Department of Public Safety and Correctional Services ("DPSCS") dating back to 2016.  He is seeking damages for "deliberate indifference and excessive force."  *Id.* at 7.

**Aurel v. United States of America, *et al.*, GJH-22-0561**

Aurel's complaint was received by the court on March 7, 2022.  ECF No. 1.  He brings this action against the United States of America and the State of Maryland.  Aurel states that he is an international prisoner and a citizen of Romania.  *Id.* at 1.  He complains of numerous matters that include:  medical issues dating back to 2016, *id.* at 2-5; sexual assault by staff from 2015-2021, *id.* at 5-8; excessive force and disciplinary segregation, *id.* at 7; and property stolen by officers, *id.* at 10-11.  Aurel seeks damages and to be transferred to Romania.  *Id.* at 8, 13, 14.  On March 29,

2022, a supplement to the complaint was received by the court that generally alleges facts similar to the complaint and seeks similar relief.  ECF No. 2.

**Motion to Proceed In Forma Pauperis**

Aurel has filed a motion to proceed in forma pauperis in each case:  GJH-21-3258, ECF No. 2; GJH-22-0458, ECF No. 2; and GJH-22-0561, ECF No. 3.  Aurel has filed over 60 actions in this court over the past ten years. In three of the cases Aurel was granted leave to proceed in forma pauperis pursuant to the provisions of 28 U.S.C. § 1915(a).  The cases were dismissed as frivolous or for failure to state a claim.  Aurel has repeatedly been notified that the dismissals constitute "strikes" under § 1915(e),[1] and that a prisoner is not allowed to bring a civil action under the provisions of 28 U.S.C. § 1915 if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Aurel may only proceed in newly filed actions without prepayment of the filing fee if he is under imminent danger of serious physical injury pursuant to 28 U.S.C. § 1915(g).[2]  "[T]he requisite imminent danger of serious physical injury must exist at the time [of] the complaint or the risk that

---

[1]  *See, e.g., Mich v. Nice, et al.*, Civil Action No. JKB-14-1397; *Aurel v. Gainer, et  al.*, Civil Action No. ELH-15-1750; *Aurel v. Jones, et al.*, ELH-15-1928; *Aurel v. NBCI, et al.*, Civil Action No. ELH-16-0850; *Aurel v. NBCI, et al.*, Civil Action No. ELH-16-0851; *Aurel v. Vanskiver*, Civil Action No. ELH-19-2756; *Aurel v. Kammauf, et al.*, Civil Action No. ELH-20-0511; *Aurel v. Hoover, et al.*, Civil Action No. ELH-20-1339; *Aurel v. Hallworth*, ELH-20-1340; *Aurel v. Hogan, et al.*, Civil Action No. 20-2348; *Aurel v. Holley, et al.*, Civil Action No. ELH-20-2349; *Aurel v. Bittinger, et al.*, Civil Action No. ELH-20-2377; Aurel v. Department of Public Safety, *et al.*, Civil Action No. DLB-21-1422.

[2] Specifically, §1915(g) mandates that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." *Meyers v. Comm'r of Soc. Sec. Admin.*, 801 F. App'x 90, 96 (4th Cir. 2020) (citing *Chase v. O'Malley*, 466 F. App'x 185, 186 (4th Cir. 2012)) (per curiam) (additional citations omitted). Further, "an inmate must make 'specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" *Chase*, 466 F. App'x at 186, 187 (citing *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)).

**Consolidation**

Federal Rule Civil Procedure 42(a) provides "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."

On review, it appears that the complaints filed in each case concern generally similar allegations of sexual assault, excessive force, and inadequate medical care.  In addition, each complaint is subject to review under the filing fee provisions of 28 U.S.C. § 1915(g).

Given the similarity of the allegations in the complaints, the court's need to assess the filing fee provisions, and in the interests of judicial economy, the three cases shall be consolidated for all purposes.

**Amended Complaint**

Complaints drafted by self-represented plaintiffs are held to a less stringent standard than those drafted by attorneys, and a plaintiff who submits an inartfully pled complaint that includes a potentially cognizable claim should have the opportunity to particularize the complaint to define the issues and to name proper defendants. *See Johnson v. Silver*, 742 F.2d 823, 825 (4th Cir. 1984).

Aurel has filed three separate complaints with overlapping and generally unspecific allegations.  In order for the court to determine if Aurel has alleged imminent danger of serious physical injury as it pertains to the filing fee provisions, and if so, if Aurel has stated claims that may proceed, Aurel will be directed to file one amended complaint in the consolidated action.  The amended complaint will replace all complaints and supplements filed to date in these three actions.

Aurel is advised that essential to sustaining an action under § 1983 are the presence of two elements.  Specifically, the plaintiff must demonstrate that: (1) he suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  The doctrine of respondeat superior generally does not apply and liability attaches only upon a defendant's personal participation in the constitutional violation.  *See Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985); *see also Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004).

Additionally, naming institutions or using the term "staff" or the equivalent as a name for alleged defendants, without naming specific staff members, is insufficient to state a claim against a "person" in a § 1983  action. *Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70–71 (1989) (other citations omitted); *see also Horton v. Kopp*, 2018 WL 1243537, at *2 (D. Md. 2018).

Further, Aurel's claims of inadequate medical care have been addressed in several prior lawsuits. *See, e.g., Aurel v. Wexford, et al.*, Civil Action ELH-15-1127, consolidated with ELH-15-1797 (granting summary judgment to medical defendants); *Aurel v. Wexford, et al.*, Civil Action ELH-16-1293 (granting summary judgment to medical defendants); *Aurel v. Wexford, et al.*, Civil Action ELH-18-1251 (granting summary judgment to medical defendants);  *Aurel v.*

*Pierce, et al.*, Civil Action No. ELH-18-2463 Pierce, ELH-18-2463 (granting motion to dismiss filed by Wexford and motion for summary judgment filed by Pierce); *Aurel v. Hallworth*, ELH-19-0185 (granting summary judgment to medical defendants).

To the extent that the medical claims adjudicated previously are identical to those asserted in the consolidated action, those particular claims are barred by res judicata. Res judicata, also known as claim preclusion, is a legal doctrine that promotes judicial efficiency and the finality of decisions. *In re Microsoft Corp Antitrust Litigation*, 355 F.3d 322, 325 (4th Cir. 2004). Under the doctrine of res judicata, "a final judgment on the merits" in an earlier action precludes the parties or their privies from relitigating claims that were raised or that could have been raised based on the same cause of action. *Montana v. United States*, 440 U.S. 147, 153 (1979); *see SAS Inst., Inc. v. World Programming Ltd.*, 847 F.3d 370, 378 (4th Cir. 2017); *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 161 (4th Cir. 2008). Res judicata applies when there is: (1) a final judgment on the merits in a prior lawsuit; (2) an identity of the cause of action in both the earlier and later suits; and (3) an identity of parties or their privies in the two suits. *Pueschel v. United States*, 369 F.3d 345, 354-55 (4th Cir. 2004). In his amended complaint, Aurel is directed to not raise claims that were previously litigated and would be barred by res judicata.

Aurel is granted 28 days in which to file an amended complaint. In the amended complaint, Aurel must include the names of each individual he seeks to hold responsible for the alleged wrongdoing; the identity of each individual; the dates of the alleged incidents; a description of the harm he suffered or is in danger of suffering; and the facts indicating the action taken by each named defendant. Aurel will be provided with a copy of the court's civil rights complaint form to submit his amended complaint.

Aurel is advised that the amended complaint will replace the initial complaints and any supplements filed in the three cases. The general rule is, "an amended pleading ordinarily supersedes the original and renders it of no legal effect." *Young v. City of Mt. Ranier*, 238 F.3d 567, 572 (4th Cir. 2001), quoting *Crysen/Montenay Energy Co. v. Shell Oil Co.*, 226 F.3d 160, 162 (2d Cir. 2000) (noting exception for purposes of appellate review of claims dismissed in original complaint that were not included in amended complaint). Therefore, Aurel's amended complaint must include all of the allegations against each of the defendants regarding the claims he seeks to raise in his amended complaint, so that the amended complaint may stand alone as the sole complaint in this action which defendants must answer.

In amending the complaint, Aurel should be mindful that under Federal Rule of Civil Procedure 8(a), a pleading which sets forth a claim for relief shall contain: a "short and plain statement of the claim" that "give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Under Rule 8(d)(1), each allegation in a complaint should be "simple, concise, and direct." A pleading that offers labels and conclusions or a formulaic recitation of the elements of a  cause of action does not satisfy Rule 8's basic pleading requirements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Aurel is further advised that he may only proceed in the consolidated action without prepayment of the filing fee if he is under imminent danger of serious physical injury pursuant to the filing fee provisions under 28 U.S.C. § 1915(g).   In his amended complaint, Aurel should include facts indicating he meets this standard if he intends to proceed without prepayment of the filing fee.

**Conclusion**

For the reasons stated above, cases GJH-21-3258, GJH-22-0458, GJH-22-0561 will be consolidated, and Aurel will be directed to file one amended complaint in the consolidated case for review by the Court.

A separate order follows.


April 6, 2022                               ____/s/_____
Date                                        GEORGE J. HAZEL
                                            United States District Judge